IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID RAY EVANS                                                                   PLAINTIFF

        v.                         Civil No. 2:07-cv-02083

J. MICHAEL FITZHUGH;
JAMES ROBERT MARSCHEWSKI;
CLAIRE LOUISE BORENGASSER;
and PAT TATRO                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

David Ray Evans, an inmate of the Arkansas Department of Correction, filed this civil rights action pursuant to 42 U.S.C. § 1983. Evans' Complaint was provisionally filed subject to a later determination of whether he qualified for *in forma pauperis* (IFP) status and whether service of process should issue.

### I. Background

Evans alleges that between March 13, 1996, and August 16, 1996, Claire Borengasser, a deputy prosecuting attorney, Pat Tatro, a social worker for the Department of Human Services, and James Robert Marschewski, then a public defender[1], took various actions that constitute felony crimes under the law. Evans alleges defendants forced three minor children to watch "x" rated or pornographic movies. Evans, who was at the time facing criminal charges of rape and sexual abuse in the first degree, *see Evans v. State*, 331 Ark. 240, 959 S.W. 2d 745 (1998), maintains Borengasser, Tatro, and Marschewski conspired to destroy evidence that would have assisted in his defense and

---

[1] James R. Marschewski was sworn in as a magistrate judge on January 3, 2007.

helped ensure that he was wrongfully convicted. Evans further alleges that J. Michael Fitzhugh helped protect Borengasser, Tatro, and Marschewski.

Evans attaches to his Complaint as Exhibit A an order dated April 7, 2005, signed by Judge Fitzhugh and entered in *State v. Evans*, CR 96-139, denying Evans' letter request to bring criminal charges against James Robert Marschewski, Claire Louise Borengasser, Pat Tatro, and Alice McMahon. Evans attaches to his Complaint as Exhibit B a letter from a member of this Court's staff in which Evans was told that a private citizen may not bring criminal charges against other citizens. Instead, he was given the addresses for the appropriate authorities to report suspected criminal activity to on the state and federal level. Exhibit C consists of a letter from the Arkansas Attorney General addressed to Evans advising him that the Attorney General's office does not have the authority to file criminal charges. Instead, Evans is advised that power is reserved to the locally elected prosecuting attorneys.

On September 13, 2007, Evans submitted a supplement to his Complaint (Doc. 4). The supplement references three additional exhibits, D, E, and F. However, Evans indicates he will have to provide the court with copies of those exhibits at a later time.

As relief, Evans indicates he wants to make the four defendants answer for their crimes and prove his innocense. Evans also seeks an award of damages for the years he has been incarcerated.

## II.  Discussion

As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section1915, which governs proceedings filed *in forma pauperis* (IFP), was amended in an effort to address concerns about, and reduce the number of, frivolous

prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the full filing fee although they were allowed to pay it in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Evans has at least three previous actions that qualify as strikes against him under section 1915(g). *See e.g., Evans v. Fitzhugh, et al*, Civil No. 2:02-cv-02149 (dismissed as frivolous on 7/25/2002 no appeal filed); *Evans v. Jones, et al.*, Civil No. 2:00-cv-02047 (dismissed as frivolous on 5/1/2000 appeal dismissed for failure to prosecute on 7/14/2000); *Evans v. Borengasser, et al.,* Civil No. 2:99-cv-02131 (dismissed as frivolous on 9/13/1999 and appeal dismissed on 1/31/2000); *Evans v. Langston, et al.,* Civil No. 2:98-cv-02128 (dismissed as frivolous on 10/13/1998 and dismissal affirmed by the Eighth Circuit on 4/22/1999); *Evans v. Marschewski*, Civil No. 2:96-cv-02206 (dismissed as frivolous 11/26/1996 no appeal filed); and *Evans v. Holohan, et al.,* Civil No.

2:96-cv-02113 (dismissed as frivolous 6/25/1996 no appeal filed).

In an apparent effort to avoid the application of the three strikes rule, Evans alleges he has life threatening medical conditions. He indicates he has heart disease. He alleges his life depends on this Court doing what is right and bringing the "criminal" defendants to justice.

There is no allegation Evans is not receiving adequate medical treatment for his heart disease at the facility to which he is assigned. He is not in the custodial care of the defendants and they have no responsibility for his medical care. I conclude Evans' Complaint does not indicate that he is currently under imminent danger of serious physical injury. *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports). He is therefore not eligible for IFP status.

Furthermore, the claims asserted by Evans in this case are subject to dismissal. First, the actions at issue in this case allegedly taken by Borengasser, Tatro, and Marschewski took place between March 13, 1996, and August 16, 1996. A three year statute of limitations applies to § 1983 cases. *See Wilson v. Garcia*, 471 U.S. 261, 280-281, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)(limitation period for § 1983 action is state's personal injury statute of limitations); *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Given the allegations of the Complaint, Evans knew, or should have known, his constitutional rights were violated at the time of the alleged conduct on the part of the defendants in 1996; therefore this lawsuit filed in 2007 is clearly barred by the applicable limitations period.

Second, the actions taken by Judge Fitzhugh in April of 2005 were taken in his capacity as a judge of the Circuit Court of Sebastian County, Arkansas, Fort Smith District.  As such, Judge Fitzhugh is immune from suit.  *See Mireles v. Waco*, 502  U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").  *See also Duty v. City of Springdale,* 42  F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations:  (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11.  It is clear from the allegations of the Complaint that neither situation applies here.

### III. Conclusion

Accordingly, I recommend that Evans' IFP application be denied as he is not eligible to proceed IFP because of the application of 28 U.S.C. § 1915(g).  However, having filed this action, Evans remains liable for the filing fee.  *See e.g., In re Tyler*, 110 F.3d 528, 529-530 (8th Cir. 1997)(Even if the petition is dismissed, the full filing fee is still assessed because the Prison Litigation Reform Act makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal).  For this reason, the clerk should be directed to collect the $350.00 filing fee from the plaintiff.

Further, I recommend that this case be dismissed on the grounds that the claims are frivolous, time barred and asserted against at least one defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Evans has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Evans is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of September 2007.

                                                /s/ Barry A. Bryant
                                                BARRY A. BRYANT
                                                UNITED STATES MAGISTRATE JUDGE